IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES CHIRDO,<br>　　　Plaintiff | : | CIVIL ACTION |
| v. | : | NO. 06-5523 |
| MINERALS TECHNOLOGIES, INC.,<br>and,<br>SPECIALTY MINERALS, INC.,<br>　　　Defendants | : | |

**MEMORANDUM**

STENGEL, J.                                                          April 20, 2009

### I. INTRODUCTION

In this employment discrimination case, Mr. Chirdo wants to call four witnesses[1] to testify about defendants' Succession Planning and Leadership Training program. He believes this program was not offered to all employees, or at least not to him, and this is evidence of discrimination. Defendant's motion in limine to exclude the evidence will be granted.

### II. DISCUSSION

Mr. Chirdo claims that two of defendants' employee "programs" are not available to older workers: the Succession Planning and Leadership Training programs. The

---

[1] Gordon Borteck, the former vice president of Human Resources for the MTI division, Kenneth Massimine, the head of Mr. Louis Dizikes' business unit, Robert Moskaitis, Dizikes' former manager, and Mr. Louis Dizikes, a former employee of defendant's Research & Development Group.

1

Relevant evidence is evidence that tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also*, Fed. R. Evid. 402; *Waters v. Genesis Health Ventures, Inc.*, 400 F. Supp. 2d 808, 811 (E.D. Pa. 2005).

Mr. Chirdo did not claim in his complaint that the programs were discriminatory. In fact, the programs are not mentioned in the pleadings at all. There is no evidence in the record to show that any employees in Mr. Chirdo's department - the IT department - were ever involved in either program. He has never alleged that he applied for or even expressed an interest in either of the programs. He has not alleged that he was denied access to them. The claims about the programs were originally made by another of defendant's former employees, Louis Dizikes.[2]

No evidence has been produced during discovery in this case which shows that the programs were in fact discriminatory. Mr. Chirdo's only evidence of the "discriminatory nature" of the programs would be Mr. Dizikes' opinion testimony. Mr. Chirdo's counsel suggested at a pretrial conference held on February 3, 2009 that he would introduce documents to show that only two employees over the age of fifty ever participated in Leadership Training.

Mr. Chirdo has also pointed to management committee members' statements about

---

[2]Mr. Dizikes and Mr. Chirdo did not know each other while employed by defendants; they came to know each other only as a result of having the same attorney represent them in their lawsuits against their former employers.

"reinvigorating" the programs which he believes evidence an age discrimination intent. Mr. Chirdo's reading of the evidence is simply inaccurate according to the defendants. The statements made about "reinvigoration" do appear to relate not to the company as a whole, but only to the *program* that had been neglected in prior years. Mr. Borteck testified that Mr. Saueracker's statement regarding "reinvigorating" referred to the Succession Planning program which had been phased out and which Mr. Saueracker wanted to start up again. The plaintiff cannot direct the court to any evidence that Mr. Saueracker's comments referred to anything more than the leadership program itself. Specifically, at the MTI Management Committee meeting on January 9, 2002, one of the discussion items memorialized in the meeting notes was "the reinvigoration of the leadership program to strengthen second tier management and to identify high potential individuals." (Attached to Borteck's deposition as Ex. 1). On March 12, 2002, this same initiative was described as "the reinitiation of a formal leadership development program." The reinvigoration comment was not referencing the company as a whole, but only the programs. To construe these statements as suggesting an impermissible motive for firing Mr. Chirdo is a tremendous leap.

Any opinion testimony given by Mr. Dizikes would be relevant, if at all, only to his own (now settled) claims against defendants. Mr. Dizikes' testimony that the programs were discriminatory lacks a factual basis. It would confuse the jury and, essentially, focus this litigation on the facts at issue in Mr. Dizikes' case.

## III. CONCLUSION

For the reasons explained above, I will grant defendants' motion to exclude evidence of its Succession Planning and Leadership Training.

An appropriate Order follows.