IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES CHIRDO, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | NO. 06-5523 |
| | : | |
| MINERALS TECHNOLOGIES, INC., | : | |
| and, | : | |
| SPECIALTY MINERALS, INC., | : | |
|     Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                  **April 22, 2009**

James Chirdo claims his employment was unlawfully terminated by defendants. He intends to introduce at trial a statement by the CEO of the defendant corporations, Paul Saueracker, which shows an intent to discriminate on the basis of age. For the following reasons, I will deny defendants' motion to exclude Mr. Saueracker's statement.

**I. INTRODUCTION**

Mr. Chirdo confronted Mr. Saueracker at the Hampton Inn in Bethlehem, Pennsylvania in early 2005. Mr. Chirdo asked Mr. Saueracker why older workers were being "pushed out" of the company. Mr. Chirdo remembers Mr. Saueracker responding "we are hiring younger people for new ideas." The defendants contend that this comment is inadmissible because it is a stray remark made by a non-decisionmaker, i.e., someone who did not participate in the decision, made several months later, to terminate Mr.

1

Chirdo. Mr. Chirdo believes the statement is admissible evidence of the defendants' "corporate culture" of discriminating against older employees.

**II. DISCUSSION**

In an employment discrimination case, even a stray remark by a non-decisionmaker may be admissible. Walden v. Georgia-Pacific Corp., 126 F.3d 506, 520-21 (3d Cir. 1997) ("stray remarks" - even when made by individuals outside the decision-making process - may be admissible as evidence of discriminatory intent or corporate culture). The Third Circuit has recognized an exception to the general rule that stray remarks are inadmissible for remarks that reflect "a cumulative managerial attitude." Ryder v. Westinghouse, 128 F.3d 128 (3d Cir. 1997). Where, as here, the evidence of corporate culture is not out-weighed by prejudice or the likelihood the jury will be confused, it should be admitted.

In this case, as in Ryder, the CEO made a statement regarding the value of younger employees. The statement did not relate to Chirdo and was made by someone who did not participate in the decision to terminate him. Those facts do not render the statement irrelevant.

In Ryder, the Third Circuit found that comments "made by either the company CEO or by executives with authority to render personnel decisions . . . [and] in reflection on past managerial viewpoints . . . with an eye toward future change" were admissible.

Id. at 133.  The court explained that "[i]f the jury were to believe that these comments accurately reflected a then existing managerial attitude toward older workers . . . this evidence would make the existence of an improper motive for [plaintiff's] termination more probable."  Id. (citing F.R.E. 401; Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 333-34 (3d Cir. 1995); Abrams v. Lightolier, Inc., 50 F.3d 1204, 1214-15 (3d Cir. 1995); Lockhart v. Westinghouse Credit Corp., 879 F.2d 43, 54 (3d Cir.1989); Walden, 126. F.3d at 520-21).

Mr. Saueracker's comment will be admitted.  If the jury believes the statement was actually made, it is relevant evidence of defendants' motive.

**III. CONCLUSION**

The defendants' request to exclude Mr. Saueracker's statement is denied.  An appropriate Order follows.

_____