**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES CHIRDO,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 06-5523** |
| | : | |
| **MINERALS TECHNOLOGIES, INC.,** | : | |
| **and,** | : | |
| **SPECIALTY MINERALS, INC.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                    **July 23, 2009**

**I. INTRODUCTION**

In this employment discrimination case, James Chirdo wants the jury to be given a
"spoliation charge." He also wants defendants' exhibits numbered 10-39, 41-42 and 61-
66 (mostly e-mails sent to Chirdo regarding problems at his work, as well as some
Technical Assistance Requests Chirdo handled or received) excluded from the trial. Mr.
Chirdo believes defendants intentionally destroyed relevant evidence consisting of e-
mails he sent which he believes would show that he responded to co-workers
appropriately. Plaintiff's motion in limine for a spoliation instruction and to exclude the
evidence will be denied. There is no evidence that defendants intentionally destroyed
relevant documents.

1

## II. DISCUSSION

Chirdo claims that defendants deleted relevant documents after they knew or reasonably should have known about his discrimination claims.  Defendants believe that because no relevant evidence was destroyed prior to their receiving notice of Chirdo's EEOC charge, they had no duty to preserve  Chirdo's e-mails such that a spoliation instruction is warranted.

### A.    A Spoliation Charge[1] is Not Warranted

The four-factor test to determine whether a spoliation charge is warranted is not met here.  The evidence that Chirdo believes exists was within defendants' control, but defendants did not actually suppress or withhold the evidence.  Further, Chirdo has not specifically described the evidence he believes was destroyed and how it was relevant. Finally, it was not reasonably foreseeable that the destroyed evidence would be discoverable in subsequent litigation because no litigation - or even termination - had been proposed at the time the e-mails were destroyed.  See EEOC v. Smokin' Joe's Tobacco Shop, Inc., No. 06-1758, 2007 WL 2461745, at 4 (E.D. Pa. Aug. 22, 2007).

---

[1]In Mosaid Technologies Inc. v. Samsung Electronics Co., Ltd., 348 F.Supp.2d 332, 335 (D. N.J. 2004) the court explained: "Spoliation is 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably forseeable litigation.' Evidence of spoliation may give rise to sanctions. Potential sanctions for spoliation include: dismissal of a claim or granting judgment in favor of a prejudiced party; suppression of evidence;  an adverse inference, referred to as the spoliation inference; fines; and attorneys' fees and costs.  This Court has the authority to impose spoliation sanctions pursuant to the Federal Rules of Civil Procedure and this Court's inherent authority" (internal citations omitted).

2

Chirdo has produced no evidence that defendants "intended to impair [his] ability to uncover evidence" as he is required to show.  See Select Medical Corp. V. Hardaway, No. 05-3341, 2006 WL 859741, at 9 (E.D. Pa. Mar. 24, 2006).

**B.      The Possible Relevance of the Destroyed Documents is Not Sufficient for Exclusion or Spoliation**

Chirdo claims that he could use e-mails he sent during his employment (destroyed after his termination in May 2005) to counter defendants' evidence that he was terminated for poor performance.  These e-mails are relevant, he contends, because they would help him show that his firing was pretextual.

Relevant evidence is evidence that tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; see also, Fed. R. Evid. 402; Waters v. Genesis Health Ventures, Inc., 400 F. Supp. 2d 808, 811 (E.D. Pa. 2005).  Chirdo believes the missing e-mails are relevant because they might have indicated that he performed better than defendants allege he performed.

 Chirdo's vaguely alleges, without specifically describing the contents of the documents, that they are the very records that "would have provided proof that Mr. Chirdo performed his job properly."  Plaintiff's Mem. at 13.  The documents may have been relevant for this purpose. Even if Chirdo is correct and the destroyed documents could have bolstered his testimony regarding the quality of his performance, it does not provide an adequate basis for excluding defendants' exhibits or giving a spoliation

3

instruction.

**C.     There Is No Evidence that Relevant Evidence Was Knowingly or Intentionally Destroyed**

Chirdo may be correct: the destroyed documents may have been relevant.  But there is no evidence that defendants intentionally destroyed the documents.  Chirdo's e-mails were destroyed pursuant to the company's document retention policy, which properly accounts for the failure to produce those e-mails.  Def. Mem. at 6.  They were not "haphazardly" deleted upon Chirdo's termination. Id.  The e-mails were destroyed in May 2005, approximately five months before defendant received notice of Chirdo's EEOC charge.  Def. Mem. at 7.  After Chirdo's termination, defendant's Information Security Administrator, Jan Buckage, requested that Chirdo's supervisors preserve "any information critical to the company" and permitted the supervisors adequate time to do so. Def. Mem. at 3, 6-7.  The information not critical to the company was destroyed around May 5, 2005. Id. at 3.  All preserved e-mails were provided to Chirdo and no documents were destroyed after notice of the EEOC charge was received on November 17, 2005. Id. There is no evidence that defendant "willfully or fraudulently destroy[ed] evidence with the intent to prevent plaintiff from obtaining it."  Applied Telematics, Inc. V. Spring Comm'ns Co., L.P., No. 94-3602, 1996 WL 33405972, at 2 (E.D. Pa. Sept. 17, 1996). Chirdo has not shown that "there has been an actual suppression or withholding of the evidence."  Select Medical Corp., 2006 WL 859741, at 9 (citing Brewer v. Quaker State

Oil Ref. Corp., 72 F.3d 326, 334 (3d Cir. 1995)). Therefore this "court will not grant an unfavorable inference when the evidence in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for." Id.

The e-mailed comment by Bernadette Palumbo, Chirdo's human resources representative, that she viewed Chirdo's reviews "as evidence in support of any future litigation" is not evidence that defendants had notice of Chirdo's intent to sue or that the subsequent destruction was intentional or knowing. Her comment was a statement of the company's policy with respect to documenting a poorly performing employee and subsequent termination. The statement was made on January 21, 2005, about three months before Chirdo was terminated. It does not appear on its face to be a statement of specific knowledge that Chirdo was disgruntled or had an employment claim. The timing and language both suggest that it expressed no specific knowledge about any potential claim by Chirdo. In any event, Chirdo has produced no evidence to show otherwise.

It is not novel or surprising that the company's human resources representative would view Chirdo's review as "evidence in support of any future litigation" because that is a primary purpose for the retention of human resources records. Further, as the director of human resources, it was Palumbo's job to anticipate litigation and prevent it or protect the company from lawsuits by terminated employees. Palumbo explained in her deposition that "part of my job is to anticipate what I would call the worst possible outcome of any situation. And we always need to provide good documentation of HR

5

processes that we follow." Palumbo Dep. at 86. She explained that when she made the statement, no one had told her that Chirdo was even going to be <u>terminated</u>, and certainly not that he would file a lawsuit because of his negative performance reviews. Def. Mem. at 5 (citing Palumbo Dep. at 207-08).

Palumbo did not know, nor should she have known at the time her statement was made, that Chirdo would be terminated, much less file a lawsuit. Therefore she had no reason or obligation to preserve Chirdo's e-mails. A party has a duty to preserve "as of the time the party knows or reasonably should know litigation is foreseeable." <u>MOSAID Techs. Inc. v. Samsung Elecs. Co.</u>, 348 F.Supp.2d 332, 336 (D.N.J. 2004) (defendant's duty to preserve existed as of filing and serving of complaint). At the time Chirdo's e-mails were destroyed, defendants had no duty to preserve them because they had no notice of the e-mails' relevance. <u>Applied Telematics</u>, at 2. In <u>Applied Telematics</u>, the court held that a spoliation charge was unwarranted where defendant deleted electronic information because defendant "did not willfully or fraudulently destroy evidence with the intent to prevent plaintiff from obtaining it. . . . The prejudice suffered by plaintiffs is not substantial." <u>Id.</u> at 4. The "trigger date" for preservation in employment cases such as this one is when the defendant receives notice of the EEOC charge.

**D.    There is No Prejudice**

Chirdo may testify about the content of the e-mails that he sent. At trial, he may call witnesses regarding the contents of the missing TARS entries and e-mails. Further,

6

in their initial disclosures, defendants identified all employees with information related to Chirdo's employment.  Chirdo could have deposed the relevant individuals regarding the documents they possessed, yet he deposed very few of them.  Def. Mem. at 7.  In view of the fact that Chirdo "failed to pursue other means to obtain the information" contained in any destroyed documents, "the prejudice suffered by plaintiff is not substantial."  <u>Applied Telematics</u>, 1996 WL 33405972, at 4.

### III. CONCLUSION

For the reasons explained above, plaintiff's motion for a spoliation charge and to exclude exhibits will be denied.

An appropriate Order follows.